```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION


RAYVON BOATMAN,

                    Plaintiff,

vs.                                  Case No.  2:12-cv-666-FtM-29DNF

TIMOTHY BUDZ; GEORGE EMANOILIDIS;
TON LAWRENZ; JOHN DOE SNIDER; CRAIG
BELOFF;   DOCTOR   HERMANN;   THE
DEPARTMENT OF CHILDREN AND FAMILIES;
THE GEO GROUP, INC.,

                    Defendants.
_____
```

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of the Complaint (Doc. #1), filed December 9, 2012. Plaintiff seeks leave to proceed *in forma pauperis*. See Doc. #6, Doc. #11.

*Pro se* Plaintiff initiated this action while civilly detained at the Florida Civil Commitment Center (hereinafter "FCCC") pursuant to Florida's Sexually Violent Predator Act, § 394.917. The Complaint alleges a violation of Plaintiff's constitutional rights based on the failure to protect Plaintiff from an attack by two other FCCC residents that took place on November 15, 2008. Complaint at 1-2.

**II.**

Despite Plaintiff's non-prisoner status,[1] the Court is required to review the Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327;

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915(e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

### III.

The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, and the expiration of the statute of limitations are examples of frivolity that warrant a *sua sponte* dismissal by the court. Clark v. Ga. Pardons & Parole Bd., 915 F. 2d 636 (11th Cir. 1990). Here, it is clear from the face of the Complaint, that Plaintiff's claim is barred by the applicable statute of limitations.

The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). The expiration of the applicable statue of limitations is an affirmative defense which warrants the dismissal of a complaint as frivolous. Clark, 915 F.2d at 641 n.2. When the defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Id. Rather, a court may *sua sponte* properly dismiss

the complaint under these circumstances. Miller v. Woodham, 2006 WL 955748 at *1 (11th Cir. 2006).

Here, based upon the face of the Complaint, it is apparent that the Plaintiff did not commence this § 1983 claim within four years of the acts he contends are illegal and unconstitutional. Plaintiff alleges that he was deprived of his constitutional rights on November 15, 2008. Thus, Plaintiff was required to file an action no later than November 15, 2008. He did not institute the above-captioned action until December 9, 2012.[2] Thus, Plaintiff's Complaint on its face is time-barred under the applicable statute of limitations and is frivolous, and consequently must be dismissed.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #6) is **DENIED**.

2. This case is **DISMISSED WITH PREJUDICE**.

---

[2]December 9, 2012, is the date Plaintiff signed the Complaint. The Complaint was not actually filed in this Court until December 12, 2012.

-4-

3. The Clerk of the Court shall: 1) enter judgment dismissing this case with prejudice; 2) terminate any motions; and, 3) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __15th__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record